## SIMMONS *et al.* v. HILL *et al.*

Vendor and Vendee : RESCISSION OF CONTRACT : FAILURE OF TITLE. H. was in possession of land under a contract of purchase from D., and, representing himself to be the owner of it, he sold it to plaintiffs, taking their notes for the price, and plaintiffs went into possession, and their possession was never disturbed nor questioned. T. afterwards became the owner of both contracts and was able, ready and willing to carry out the contract with plaintiffs. *Held* that plaintiffs could not have their contract rescinded on the ground of the false representations of H. as to ownership, since they had suffered no injury therefrom.

*Appeal from Wright District Court.*—HON. S. M. WEAVER, Judge.

### FILED, MAY 14, 1889.

THIS is an action to rescind a contract in writing for the sale of real estate, and to enjoin the transfer and collection of certain promissory notes given under it, on the grounds that the contract and notes were procured by false and fraudulent representation. The case was submitted to the court, and there was a decree for defendants. Plaintiffs appeal.

*J. C. Raymond*, for appellants.

*Nagle & Birdsall*, for appellees.

GIVEN, C. J.—I. The representation alleged is that the defendant Jesse Hill, for the purpose of defrauding the plaintiffs, falsely and fraudulently represented to them that the land was his property, and that he was the sole owner thereof, while in truth and in fact, as he well knew, said land was the property of one Philip R. Dysart. The testimony shows that at the time of making the contract with the plaintiffs, Jesse Hill held

the land under a contract of purchase from Dysart, part of the conditions of which had been performed, and part of which was to be performed in the future, and that Hill was in possession of the land; that upon the making of their contract plaintiffs went into possession, and have remained in possession ever since; that the contract between Dysart and Hill, and that between the plaintiffs and Hill, are now owned by defendant Turner, who is able, ready and willing to carry out the contract with the plaintiffs.

II. To entitle the plaintiffs to a rescission of their contract they must not only show that the representation made was false, but that they have been injured thereby. The defendants Jesse Hill and M. M. Turner, the now owner of the contracts, being ready, able and willing to carry out the contract with the plaintiffs, and the plaintiffs being still in undisturbed possession of the land, they have suffered no injury whatever from the representation, and are not, therefore, entitled to any of the relief demanded. The judgment of the district court is AFFIRMED.